NUMBER 13-06-264-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE INTEREST OF A.M., A CHILD


 


On appeal from the County Court at Law No. 5 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez


 

 This is an accelerated appeal from an order terminating the parental rights of
appellant, the biological mother of A.M., a child, under chapter 161 of the Texas
Family Code. See Tex. Fam. Code Ann. § 161.001(Vernon Supp. 2006), § 161.003
(Vernon 2002). We affirm.

 At the conclusion of a jury trial, the jury found by clear and convincing evidence
that appellant committed one or more of the specified acts or omissions set out in
section 161.001 of the Texas Family Code and that it was in the best interest of A.M.
to terminate the parent-child relationship between A.M. and appellant. See id. §
161.001. A decree to that effect was entered by the court, and this appeal ensued.

 Appellant's court-appointed counsel filed an Anders brief in which he has found
an absence of meritorious grounds for appeal and further has submitted that the basis
of any appeal of this case would be frivolous in nature. See Anders v. California, 386
U.S. 738, 744 (1967). The procedures set forth in Anders are applicable to an appeal
of the termination of parental rights when an appointed attorney concludes that there
are no non-frivolous issues to assert on appeal. See In re K.D., 127 S.W.3d 66, 67
(Tex. App.-Houston [1st Dist.] 2003, no pet.); Porter v. Tex. Dep't of Protective &
Regulatory Servs., 105 S.W.3d 52, 56 (Tex. App.-Corpus Christi 2003, no pet.). 
Appellant's brief meets the requirements of Anders. Anders, 386 U.S. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In
compliance with Anders, counsel presented a professional evaluation of the record and
raised and reviewed seven legal and factual sufficiency of the evidence issues as
possible grounds for our review, thus, referring this Court to what, in his opinion, are
all issues which might arguably support an appeal. See Anders, 386 U.S. at 744;
Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573
S.W.2d at 812.

 Counsel has informed this Court that: (1) he has examined the record and
applicable authorities and finds no grounds for appeal; (2) he set forth issues which
might arguably support an appeal; (3) he forwarded a copy of the brief to appellant
with a letter informing her of the filing of the brief and his request to withdraw as
counsel; and (4) he informed appellant of her right to review the record and to file a
pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. Counsel has
also informed this Court that he forwarded a copy of the record to appellant. On
March 13, 2007, appellant's pro se brief and outline were filed with this Court. See
Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

II. Independent Review

 The Texas Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings
to decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003,
no pet.). Accordingly, we have carefully reviewed the record for reversible error and
have considered the issues raised in appellant's Anders brief and in appellant's pro se
brief. (1) We have found nothing that would arguably support an appeal. See Bledsoe
v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at
509. We agree with counsel that the appeal is wholly frivolous and without merit. 
See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Additionally, in accordance with
Anders, appellant's counsel has asked permission to withdraw as counsel for
appellant. See Anders, 386 U.S. at 744. We grant counsel's request to withdraw. 
We further order counsel to notify appellant of the disposition of this appeal and of the
availability of discretionary review. See In re K.D., 127 S.W.2d at 68 n.3 (citing Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam)).


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 29th day of March, 2007.
1. Appellant provided several record cites involving exchanges between the trial court and a juror,
and the trial court and counsel. However, she did not develop her contentions related to the exchanges. 
Appellant objected that the exchanges were an "immidiate [sic] and imminent danger to United States
minor; failure of due process of law; lower legal sham of trial by equity or preponerance [sic]; clear,
convincing heinious [sic] court affiliation with a party." Citing only to "sixty-four 2004 Texas Family
Code Statutes," appellant provided this Court with no citations to other authorities in support of her
arguments. See Tex. R. App. P. 38.1(h) (setting out that we will only consider contentions that are
supported by clear and concise arguments with appropriate citations to authorities and to the record).