**In the Interest of K.D., S.D., and J.R., Children.**

**No. 01–02–00550–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 25, 2003.

James Kent Schuster, James Kent Schuster, PLLC, Bryan, TX, Katherine Rochester, College Station, TX, for Appellant.

Margaret Lalk, Assistant District Attorney, Bryan, TX, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

### OPINION

SAM NUCHIA, Justice.

After a four-day jury trial, the jury found that the parental rights of appellant, Katherine Rochester, to her three minor children should be terminated. The trial court rendered a final order terminating appellant's parental rights, and appellant appeals that order. We affirm.

█ Appellant's court-appointed appellate counsel filed a brief concluding that there is no non-frivolous issue that could be presented on appeal and that any appeal would be without merit. Although Texas courts of appeals in Corpus Christi, Fort Worth, Austin, Waco, Amarillo, and Tyler have determined that a brief complying with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

is appropriate in the appeal of a termination of parental rights,[1] this Court has not yet considered the issue.

In *Anders*, the Supreme Court balanced the duty of an appointed attorney in a criminal case to represent the client zealously against the attorney's obligation not to bring a frivolous appeal; the Court concluded that an attorney subject to those conflicting duties may file a brief demonstrating that there were no non-frivolous points to urge on appeal. *Id.*, 386 U.S. at 744, 87 S.Ct. at 1400. The Texas Supreme Court has extended *Anders* to juvenile delinquency proceedings based, in part, on the quasi-criminal nature of the proceedings. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex.1998). However, the supreme court has not considered the issue of applying *Anders* to termination proceedings.

The Tyler court of appeals, in applying *Anders* to the termination of parental rights, has noted that whether a proceeding is criminal or civil "makes no difference in the duties court-appointed counsel owes his or her client." *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.). The Tyler court held that, in an appeal of the termination of parental rights, a court-appointed appellate attorney who concludes that there are no non-frivolous issues for appeal may file an *Anders* brief. *Id.* Similarly, the Amarillo court reasoned, "The rationale underlying *Anders* is no less applicable to a civil matter in which counsel has been appointed to represent the appellant" because of the attorney's need to balance zealous representation of the client against the prohibition against prosecuting a meritless appeal. *In re AWT*, 61 S.W.3d 87, 88 (Tex. App.-Amarillo 2001, no pet.).

■ We agree with the rationale of the Tyler and Amarillo courts. Accordingly, we hold that the procedures set forth in *Anders* are applicable to an appeal of the termination of parental rights when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *In re AWT*, 61 S.W.3d at 88–89.

Counsel's brief includes a motion to withdraw, stating that he mailed a copy of the brief to appellant, along with a letter advising her of her right to file a *pro se* brief within 30 days. *See Stephens v. State*, 35 S.W.3d 770, 771 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (stating procedure for filing *Anders* brief). More than 30 days have passed, and appellant has not filed a *pro se* brief. We have carefully reviewed the record and counsel's brief. We find no reversible error in the record and agree that the appeal is wholly frivolous.[2]

---

1. *See Porter v. Tex. Dept. of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex.App.-Corpus Christi 2003, no pet. h.); *In re K.M.*, 98 S.W.3d 774, 776 (Tex.App.-Fort Worth 2003, no pet. h.); *Prewitt v. Tex. Dept. of Protective & Regulatory Servs.*, No. 03–01–00648–CV, 2002 WL 31426200 (Tex.App.-Austin Oct.31, 2002, no pet.) (not designated for publication); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, no pet.); *In re AWT*, 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.).

2. Section 263.405 of the Texas Family Code provides procedures and timelines for the appeal of an involuntary termination of parental rights. *See* Tex. Fam.Code Ann. § 263.405 (Vernon 2002). It also provides for a hearing to determine whether (1) a new trial should be granted; (2) a claim of indigence should be sustained; and (3) the appeal is frivolous. *Id.* § 263.405(d). The procedures set forth in

We affirm the trial court's order.

We grant counsel's motion to withdraw.[3]

subsection (g) to appeal the court's adverse findings on indigence and frivolous appeal do not apply in this case because the trial court did not conduct the hearing. *See Id.* § 263.405(g). We note that the statute provides no consequences for the trial court's failure to hold the hearing. *See In re M.G.D.,* 108 S.W.3d 508, 516 (Tex.App.-Houston [14th Dist.] 2003, pet. filed).

3. Counsel still has a duty to inform appellant of the result of this appeal and also to inform appellant that she may, on her own, pursue a petition for review in the Texas Supreme Court. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997).