Opinion issued March 17, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00445-CV




KESREE WILKERSON, Appellant

V.

TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, Appellee




On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2003-03325J




MEMORANDUM OPINION
          The trial court rendered a decree terminating the parental rights of appellant,
Kesree Wilkerson, as to her child, R.D.D.S. and awarding sole managing
conservatorship of her child, D.D.Q.P., to his father, Ira Purifoy, with no findings as
to appellant’s rights or obligations to D.D.Q.P. Appellant stated on the record that
she agreed with the trial court’s determination as to D.D.Q.P., but that she did not
agree with the termination of her parental rights as to R.D.D.S. We affirm. 
BACKGROUND
          In April 2003, the Texas Department of Family and Protective Services
(TDFPS) filed a petition to terminate the parental rights of appellant. At a trial to the
court in March 2004, the evidence established that both appellant and R.D.D.S. tested
positive for cocaine at the birth of R.D.D.S. in April 2003, that appellant had been
incarcerated for possession of a controlled substance since July 2003 and had three
years remaining on her sentence, and that appellant had, in 1996 or 1997, been
convicted of “delivery” and was sentenced to 18 months in prison. The evidence also
established that appellant had no family members who were able and willing to care
for R.D.D.S. In addition, appellant was H.I.V. positive, but had not taken any
antiretroviral medications during her pregnancy, further endangering her child. In
June 2003, approximately one month before she was arrested, appellant had received
a family service plan from TDFPS that contained a warning that if she was unable or
unwilling to provide a safe and stable environment for her children, her parental
rights could be restricted or terminated. 
                                                      DISCUSSION
          Appellant’s appointed counsel has filed an Anders


 brief, informing this Court
that he has been unable to find any reversible error in the record and has found no
grounds that arguably support any appeal on appellant’s behalf. We have previously
applied the procedures set forth in Anders to an appeal of the termination of parental
rights. See In re K.D., 127 S.W.3d 66 (Tex. App.—Houston [1st Dist.] 2003, no pet.);
In re L.G.V., 2004 W.L. 253312 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The
brief filed in this appeal meets the requirements of Anders by presenting a
professional evaluation of the record and demonstrating that there are no arguable
grounds for appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967). Counsel states in the brief that he has served appellant with a copy of
the brief and has informed appellant that she has the right to petition for a review of
the record and file a pro se brief. More than 120 days have passed, and appellant has
not filed a pro se brief. 
          We have reviewed the entire record and agree that there is no arguable basis
for an appeal. We affirm the trial court’s decree.
          Counsel has also filed a motion to withdraw as counsel for appellant. We grant
the motion to withdraw. However, counsel still has a duty to inform appellant of the
result of this appeal and also to inform her that she may, on her own, pursue a petition
for review in the Texas Supreme Court. See In re K.D., 127 S.W.2d at 68 n.3, (citing 
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)). 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.