# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00821-CV

Whitney Georgeann Smith, Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-03-0223-CPS, HONORABLE RAE LEIFESTE, JUDGE PRESIDING

M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment terminating appellant Whitney Georgeann Smith's parental rights to her son, M.L.S.[1] M.L.S. was removed from Smith's care in June 2003, when he was about three months old and Smith was sixteen years old.

The Department had been involved with Smith since early 2002, when it took custody of Smith's daughter because Smith could not provide safe care.[2] Smith had also been in trouble with the law since 1999. Between April 1999 and October 2002, Smith was referred to the Juvenile Probation Department seventeen times for offenses including aggravated assault, running away from home, disorderly conduct, and unauthorized use of a motor vehicle. In June 2003, the Department

---

[1] M.L.S.'s father's parental rights were also terminated.

[2] Smith's parental rights to her older child were terminated in March 2004, and that termination was affirmed by this Court. *See Smith v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 673, 683 (Tex. App.—Austin 2005, no pet.).

received a report that Smith and her father had a fist-fight during which Smith tried to stab her father with a knife. Smith was arrested for assault, but those charges were apparently dropped. During the fight, Smith's father punched Smith on the arms, head, legs, and back. Smith, who was on probation for the charge of unauthorized use of a motor vehicle at the time, was released to an emergency shelter, but she ran away after about three days and remained missing until October 2003.

After M.L.S. was removed from her care, Smith was ordered to complete parenting training and anger management classes, undergo psychological and substance abuse evaluations, and attend individual counseling. As of late October 2004, Smith had not attended individual counseling or anger management classes, nor had she completed the parenting training despite the Department's reestablishing a program for her three times, only to have the programs cancelled due to Smith's failure to attend. On the few occasions she did attend classes, she was described as belligerent and argumentative. Smith did not attempt to comply with the order to undergo a psychological evaluation until January 2004, when she completed half of the assessment. She had not returned to complete the assessment since then, but the doctor who reviewed the partial assessment diagnosed her with an adjustment disorder with signs of anxiety and depression. Smith completed the substance abuse evaluation, although she missed or cancelled several appointments during the process. As for visitation, after Smith absconded in June 2003, she was out of touch with the Department and M.L.S. until October 2003. Upon her return, she visited M.L.S. consistently until December 2003, when her visits became "sporadic" after she was arrested for forgery. Smith was released in March 2004 and for a short time visited M.L.S. regularly. However, Smith ceased all visitation in May 2004 and as of the time of trial had not seen M.L.S. in about six months.

At the time of trial, Smith was incarcerated on a motion to revoke probation; she had been placed on two years' probation in May 2004 after pleading guilty to forgery, but then absconded again until being rearrested in October 2004. Smith acknowledged that she would be incarcerated for at least another six months and could not care for M.L.S. in the meantime. She could not recommend any relatives who would be appropriate caretakers for M.L.S. She asked that her rights not be terminated, instead asking that the Department continue M.L.S.'s placement with his current foster parents. The trial court ruled that Smith's parental rights should be terminated, finding that Smith had constructively abandoned M.L.S. in the Department's custody for six months or more, had not regularly visited or maintained significant contact with M.L.S., had demonstrated an inability to provide a safe environment for M.L.S., and had failed to comply with a court order establishing actions necessary to regain custody of M.L.S.

Smith's appointed counsel has filed a brief stating that after a thorough review of the record, she believes this appeal is frivolous.[3] The brief presents a thorough and professional evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal. Counsel attempted to deliver a copy of the brief, as well as notice of Smith's right to file a *pro se* brief, to Smith at her last known address, care of the Texas Department of Corrections in Dallas. However, the packet of correspondence was returned undelivered because Smith has

---

[3] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous, similar to the procedure used in criminal cases. *See, e.g., Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Austin Feb. 17, 2005, no pet.) (memo. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

apparently been released from custody. Counsel then contacted the San Angelo parole office and the central office for the Department of Corrections, but neither agency had a forwarding address for Smith. Counsel mailed copies of the brief to Smith's trial counsel and her guardian ad litem. Smith has not contacted this Court or filed a *pro se* brief. The Department filed its own brief agreeing that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

We have conducted our own review of the record and we agree with counsel's assessment that the appeal is frivolous. We hold that counsel has made reasonable efforts to notify Smith of her rights in this case. We therefore affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 17, 2005