# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00481-CV

**Shauna Johnson, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 197,955-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment terminating appellant Shauna Johnson's parental rights to her children, K.J. and N.T. At the time of trial in May 2004, K.J. was six and N.T. was two. Their fathers did not appear for the hearing and their parental rights were also terminated. The Texas Department of Protective and Regulatory Services had removed the children from Johnson's custody in May 2003 after K.J. set a fire in a closet.

The Department had been involved with Johnson since September 2000, when it received a report of neglectful supervision of K.J. due to Johnson's drug use, and received later reports that K.J. was injured while left in the care of a family member for several weeks, that Johnson twice physically abused and injured K.J., and that N.T. was born with marijuana in his system. During this most recent intervention, five-year-old K.J. told his therapist that Johnson sometimes left him in charge of N.T., requiring him to change N.T.'s diapers, warm his bottles, and

feed him. K.J. sometimes took N.T. to look for Johnson, who he said "was at her friend's house smoking weed," and his therapist said K.J. was angry with Johnson for making him responsible for N.T. Johnson told a case worker that K.J. was "born bad" and that the fire was his fault, and said she did not know "what the big deal was about marijuana use."

After the children were removed from her care, Johnson was ordered to undergo regular drug testing at her own expense and was warned that visitation would be suspended if she failed to participate in the drug testing or if she failed a drug test. In July 2003, Johnson tested positive for marijuana, and the trial court suspended her visitation until she could show two clean drug test results. Johnson did not take further drug tests and told a case worker that she thought it would be better to use her money to buy things for the children, rather than taking the tests that might allow her to continue with visitation. Johnson was also ordered to undergo therapy. In June 2003, the therapist stopped seeing Johnson after she said she did not need therapy and needed to make no changes in her parenting methods. Johnson began therapy again in December 2004, but made only limited progress and did not think therapy would help her.

Following a bench trial, the associate judge recommended that Johnson's parental rights be terminated, finding that Johnson had placed the children in unsafe conditions and had placed them with people who engaged in conduct that endangered the children. The judge further found that Johnson had constructively abandoned the children in the Department's care and had failed to make regular visits, show an ability to provide a safe environment, or comply with the reunification order. The district court agreed with the associate judge's recommendation and signed an order terminating Johnson's parental rights.

Johnson's appointed counsel has filed a brief stating that, after a thorough review of the record, he believes this appeal is frivolous.[1]  The brief presents a thorough and professional evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal.  A copy of the brief was delivered to Johnson, who has neither sought other counsel nor filed a *pro se* brief.  The Department filed its own brief agreeing that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

We have conducted our own review of the record and we agree with counsel's assessment that the appeal is frivolous.  We therefore affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  August 31, 2005

---

[1]  This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous, similar to the procedure used in criminal cases. *See, e.g., Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Austin Feb. 17, 2005, no pet.) (memo. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).