# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00213-CV

**Michelle Higgins, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-04-0150-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a decree terminating appellant Michelle Higgins's parental rights to her sons, C.T.H., C.L.H., and J.A.H. At the time of trial in March 2005, C.T.H. was eleven, C.L.H. was ten, and J.A.H. was eight. The parental rights of their father, Charles Higgins, were also terminated. The Texas Department of Family and Protective Services took custody of the children most recently in August 2004 after C.L.H. was badly burned while in his father's care.

The Department has been involved with the family since March 1997, and over the years the children were removed and placed in foster care several times because of abuse or neglect. The Department received numerous reports of violence between the parents and abuse of the children by Charles Higgins. In 1999, Mr. Higgins was convicted of injury to a child after he threw a boot at C.L.H., striking him in the face, and in 2004, he was again convicted of injury to a child after he

struck C.L.H. in the forehead with a thrown coffee cup. Mr. Higgins was placed on probation, one term of which forbade him from having contact with C.L.H.

Appellant broke off all contact with the boys and the Department between April and June 2004 due to daily cocaine and methamphetamine use. Shortly after her return, the Department learned that during a fight with appellant, her boyfriend had cut himself with a knife in front of the children. At another time, he held a BB gun to the children's heads and said, "I will kill you if you don't do what [you're] told." The Department discovered that appellant, her boyfriend, and the children were living in a very small one-bedroom apartment and only had enough money to pay for the residence for one week. Despite Mr. Higgins's being barred from being near C.L.H., appellant continued to allow him access to the children and in late July 2004 left them with him for a weekend visit during which C.L.H. fell into a fire pit, suffering serious burns on his arm.

Appellant was ordered to undergo a psychological exam and a drug assessment, attend counseling sessions, and successfully complete parenting classes and a substance abuse program. The trial court found that, due to the aggravated circumstances leading to the children's removal, the Department was not required to provide a service plan or to make reasonable efforts to reunite the family. *See* Tex. Fam. Code Ann. § 262.2015 (West 2002) (aggravated circumstances may excuse service plan and reunification efforts). Appellant attended six parenting classes and one substance abuse session, but did not regularly attend weekly drug counseling sessions or show that she had attended Alcoholics or Narcotics Anonymous meetings. The Department reported that appellant had not made progress towards addressing the reasons for the children's removal, had not participated in or completed recommended services, and said she could not support the children.

Following a bench trial, the trial court signed a decree terminating appellant's parental rights, finding that she had placed the children in unsafe conditions or with people who engaged in conduct that endangered the children, used controlled substances so as to endanger the children, and failed to complete a court-order drug treatment program. *See* Tex. Fam. Code Ann. § 161.001(1)(P) (West 2002). The trial court further found that termination was in the children's best interest.

Appellant's appointed counsel has filed a brief stating that, after a thorough review of the record, he believes this appeal is frivolous.[1] The brief presents a thorough and professional evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal. A copy of the brief was delivered to appellant, who has neither sought other counsel nor filed a *pro se* brief. The Department filed its own brief agreeing that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's judgment. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 31, 2005

_____

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Austin Feb. 17, 2005, no pet.) (memo. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

3