TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00807-CV






George Martinez, Appellant


v.


Texas Department of Family and Protective Services, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-04-0030-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is an appeal from a decree terminating appellant George Martinez's parental
rights to his children, G.T. and G.O. At the time of trial in November 2005, G.T. was five and G.O.
was three. (1) The parental rights of their mother were also terminated. The Texas Department of
Family and Protective Services sought conservatorship over the children and their four half-brothers
and sister in May 2004. The Department had been involved with the family between December 2003
and May 2004 because the mother had a substance abuse problem and was not providing a stable
environment for the children. The Department provided the mother with various services, but
continued to receive referrals alleging neglectful supervision, physical and medical neglect, and
physical abuse. The Department also learned that the children had missed several days of school and
had been living in a motel room with one adult. The Department removed G.T. and G.O. from their
mother in March 2004 and placed them with Martinez, and it continued to approve that placement
when it filed its original petition in May to remove the children from their mother's care. The
Department developed a service plan under which Martinez was not to allow the children to have
unsupervised visitation with their mother, but in July an unidentified woman brought G.T. and G.O.
to the Department, saying their mother had left them with her and had not returned a day later. The
children were filthy, and the Department learned that Martinez had allowed the mother to take the
children, "and then she subsequently left them with someone, who was another CPS client and had
her children removed from her care as well." Martinez admitted that he allowed the children to go
with their mother for two hours and said that when they did not return as promised, he searched for
the children but did not call the police or the Department. Martinez knew the children were not
supposed to be left alone with their mother and that she abused drugs. 

 The Department removed the children from Martinez's care and placed them in foster
care. Martinez, who moved to San Angelo from Wisconsin for a time during the pendency of the
case, moved back to Wisconsin after the children were removed, and it has been difficult for the
Department to reach him. Among other requirements, Martinez was ordered to undergo a
psychological evaluation and a drug and alcohol assessment, complete parenting classes, participate
in individual counseling, provide medical and dental care for the children during his possession of
them, and have the children assessed by Early Childhood Intervention or enrolled in Headstart. 
Martinez completed the psychological evaluation and told the Department that he took a parenting
class in Wisconsin, but he did not provide the Department with a certificate of completion from that
class. Martinez brought the children to a doctor while they were in his care, but G.T. required
"extensive dental work" after the children were removed from Martinez. A Department caseworker
testified that Martinez had not shown that he had completed the drug and alcohol assessment, nor
had he attended individual counseling or had the children assessed by or enrolled in a proper
educational program. Martinez also failed to attend some of his visitations with the children while
he lived in San Angelo, had not visited the children at all since June 1, 2005, and had not paid child
support as ordered. At the time of trial, the children were doing well in their foster home, were
getting to see their half-siblings on a regular basis, and G.T. was enrolled in Headstart. 

 Following a bench trial, the trial court signed a decree terminating Martinez's parental
rights, finding that he had knowingly placed the children in unsafe conditions or with people who
engaged in conduct that endangered the children, constructively abandoned the children for at least
six months, and failed to comply with a court order establishing actions necessary to regain custody
of the children. See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (N), (O) (West Supp. 2005). The
trial court further found that termination was in the children's best interest. See id. § 161.001(2).

 Martinez's appointed counsel has filed a brief stating that, after a thorough review
of the record, she believes this appeal is frivolous. (2) The brief presents a thorough and professional
evaluation of the record discussing and demonstrating why there are no arguable grounds for
reversal. A copy of the brief was delivered to Martinez, who has neither sought other counsel nor
filed a pro se brief. The Department filed its own brief agreeing that the appeal is frivolous and that
there are no arguable grounds for reversal.

 We have conducted our own review of the record and we agree that the appeal is
frivolous. We therefore affirm the trial court's judgment. We grant counsel's motion to withdraw
as attorney of record.



 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: August 31, 2006
1. Martinez did not attend trial, but phoned the court to testify by telephone. He was on his
way to San Angelo from Wisconsin by bus, but said he had not been able to make it in time for trial
because he had been ill and could not afford to travel.
2. This and other Texas courts have held that it is appropriate in a parental termination case
to file a brief asserting that the appeal is frivolous. See, e.g., Matthews v. Texas Dep't of Protective
& Regulatory Servs., No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.--Austin
Feb. 17, 2005, no pet.) (mem. op.); In re D.E.S., 135 S.W.3d 326, 329 (Tex. App.--Houston [14th
Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003, no pet.).