TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00339-CV






Marcella Gomez-Cordero, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 207,778-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 This is an accelerated appeal from an order terminating the parental rights of Marcella
Gomez-Cordero to three children. See Tex. Fam. Code Ann. § 161.001 (West 2002), § 161.003
(West Supp. 2006). Gomez-Cordero's court-appointed appellate attorney has filed a brief in which
he states that, after reviewing the record, he has found no nonfrivolous grounds on which to base an
appeal. We affirm.

 At a bench trial, the court heard evidence of Gomez-Cordero's incarcerations for
forgery and the fact that she has four other children who are in the care of relatives and whom she
had not seen for years. There was evidence that, while she was in state jail for several months, the
three children who are the subject of this case had done well in foster care. The fourteen-year-old
boy had shown marked improvement in his schoolwork, reducing deficits in his reading level to the
point that the school was considering mainstreaming him. There was evidence that the children were
likely to be adopted. The court also heard evidence that Gomez-Cordero had completed some
classes and appeared to be getting off to a good start in the two weeks since her release from state
jail. The court found by clear and convincing evidence that Gomez-Cordero engaged in conduct and
knowingly placed the children with persons who engaged in conduct that endangers the physical and
emotional well-being of the children. See id. § 161.001(1)(E). The court also found by clear and
convincing evidence that termination of Gomez-Cordero's parental rights was in the best interest of
the children. See id. § 161.001(2).

 The procedures set forth in Anders v. California are applicable to an appeal of the
termination of parental rights. See Taylor v. Texas Dep't of Protective & Regulatory Servs.,
160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (citing Anders v. California,
386 U.S. 738, 744 (1967)); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003,
no pet.). The appointed attorney must review the record to determine whether there are any
nonfrivolous issues to assert on appeal. Taylor, 160 S.W.3d at 646 n.4.

 Gomez-Cordero's counsel's brief summarized the evidence presented at trial. He
concluded that no arguable points of error can be found. The record reflects that the attorney served
a copy of the Anders brief on Gomez-Cordero and informed her of her right to file a response. The
attorney also filed a motion to withdraw as counsel and notified Gomez-Cordero of her right to
object to that motion. Gomez-Cordero's brief meets the requirements of Anders. 386 U.S. at
744-45. More than four months have passed, and Gomez-Cordero has not filed any response.

 We also have reviewed the record for reversible error, including the issues raised in
the Anders brief. See Penson v. Ohio, 488 U.S. 75, 80 (1988). We find nothing that would arguably
support an appeal.

 We affirm. We also grant Gomez-Cordero's counsel's motion to withdraw. Counsel
must inform Gomez-Cordero of the disposition of this appeal and of her right to seek discretionary
review by the Texas Supreme Court without the assistance of appointed counsel. K.D., 127 S.W.3d
at 67 (citing Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)).



 

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 1, 2007