# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-06-00339-CV

---

**Marcella Gomez-Cordero, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 207,778-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order terminating the parental rights of Marcella Gomez-Cordero to three children. *See* Tex. Fam. Code Ann. § 161.001 (West 2002), § 161.003 (West Supp. 2006). Gomez-Cordero's court-appointed appellate attorney has filed a brief in which he states that, after reviewing the record, he has found no nonfrivolous grounds on which to base an appeal. We affirm.

At a bench trial, the court heard evidence of Gomez-Cordero's incarcerations for forgery and the fact that she has four other children who are in the care of relatives and whom she had not seen for years. There was evidence that, while she was in state jail for several months, the three children who are the subject of this case had done well in foster care. The fourteen-year-old boy had shown marked improvement in his schoolwork, reducing deficits in his reading level to the point that the school was considering mainstreaming him. There was evidence that the children were

likely to be adopted. The court also heard evidence that Gomez-Cordero had completed some classes and appeared to be getting off to a good start in the two weeks since her release from state jail. The court found by clear and convincing evidence that Gomez-Cordero engaged in conduct and knowingly placed the children with persons who engaged in conduct that endangers the physical and emotional well-being of the children. *See id.* § 161.001(1)(E). The court also found by clear and convincing evidence that termination of Gomez-Cordero's parental rights was in the best interest of the children. *See id.* § 161.001(2).

The procedures set forth in *Anders v. California* are applicable to an appeal of the termination of parental rights. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The appointed attorney must review the record to determine whether there are any nonfrivolous issues to assert on appeal. *Taylor*, 160 S.W.3d at 646 n.4.

Gomez-Cordero's counsel's brief summarized the evidence presented at trial. He concluded that no arguable points of error can be found. The record reflects that the attorney served a copy of the *Anders* brief on Gomez-Cordero and informed her of her right to file a response. The attorney also filed a motion to withdraw as counsel and notified Gomez-Cordero of her right to object to that motion. Gomez-Cordero's brief meets the requirements of *Anders*. 386 U.S. at 744-45. More than four months have passed, and Gomez-Cordero has not filed any response.

We also have reviewed the record for reversible error, including the issues raised in the *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We find nothing that would arguably support an appeal.

We affirm. We also grant Gomez-Cordero's counsel's motion to withdraw. Counsel must inform Gomez-Cordero of the disposition of this appeal and of her right to seek discretionary review by the Texas Supreme Court without the assistance of appointed counsel. *K.D.*, 127 S.W.3d at 67 (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)).

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 1, 2007

3