

## NUMBER 13-11-00488-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF R.J.H., A CHILD

On appeal from the County Court at Law No. 5
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

This accelerated appeal involves the involuntary terminations of R.H. ("Father")
and B.D.'s ("Mother") parental rights over R.J.H., a child.[1]  *See* TEX. FAM. CODE ANN. §
161.001 (West 2008).  The trial court entered a final order of termination against Father
and Mother after a Nueces County jury found various statutory grounds to support
termination and also that termination of Father and Mother's parental rights was in

---

[1] We will use aliases to protect the minor's identity.  *See* TEX. R. APP. P. 9.8(b)(2).

R.J.H.'s best interests.  *See id.*  In response, Father and Mother filed a motion for new trial.  *See* Acts 2001, 77th Leg., R.S., ch. 1090 § 9, 2001 Tex. Sess. Law Serv. Ch. 1090 (Vernon).[2]  The trial court denied the motion for new trial and found it to be frivolous.  Father and Mother appealed.  We affirm.

## I.    COUNSEL'S BRIEF

Father and Mother's court-appointed appellate counsel filed an *Anders*-type brief with this Court and concluded that there was no non-frivolous basis to support his clients' appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Porter v. Tex. Dep't of Protective & Reg. Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) (holding that appointed appellate counsel may file *Anders*-type briefs in a parental termination appeal when counsel concludes that there are no non-frivolous issues for appeal).

In his brief, counsel informs this Court that he has reviewed the record in detail and that: (1) no jurisdictional or procedural error is apparent; (2) sufficient evidence supports the trial court's judgment; and (3) no evidence supports an argument of any abuse of discretion by the trial court.  *See Anders*, 386 U.S. at 744; *Porter*, 105 S.W.3d at 56.  Counsel also notes that he has served a copy of his brief to Father and Mother and attached a letter which states that the appeal is wholly without merit and that they have a right to review the record provided to them and file a *pro se* appellant brief if they so desire.  *See Porter*, 105 S.W.3d at 56*.*  Counsel filed a motion for extension of time for sixty days in order to allow Father and/or Mother to file a *pro se* brief with this Court.

---

[2] This post-termination procedure controls in this case, but was since repealed effective September 1, 2011.  *See* Acts 2011, 82nd Leg., ch. 75 (H.B. 906) §§ 4, 5; *see also* TEX. FAM. CODE ANN. § 263.405 (West Supp. 2011).

We granted counsel's motion, as well as Father and Mother's own motion for extension of time to file briefs. Father and Mother failed to file a *pro se* brief for our review.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders*-type brief, we must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 82 (1988); *see Porter*, 105 S.W.3d at 55. We have reviewed the entire record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the trial court's final order of termination.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Father and Mother's attorney has asked this Court for permission to withdraw as appellate counsel. *See Anders*, 386 U.S. at 744 (holding that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). We grant counsel's motion to withdraw. However, within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and judgments to Father and Mother. Counsel is further ordered to inform Father and Mother that he or she may, on her own, pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## IV.    CONCLUSION

We affirm the trial court's final order of termination.

_____
GINA BENAVIDES
Justice

Delivered and filed the
8th day of November, 2012.