In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00080-CV

_____

IN THE INTEREST OF J.D.

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 13-11-12547 CV

**MEMORANDUM OPINION**

This is a parental-rights termination case. Following a bench trial, the trial court signed a judgment terminating the parental rights of K.B. (Mother) and J.W.D. (Father) to their child (J.D.).[1] Father has appealed from the trial court's final judgment.

The judgment reflects that the trial court found, by clear and convincing evidence, that Father's parental rights should be terminated because he failed to

---

[1] To protect the identity of the parties, they have been identified by their initials. *See* Tex. R. App. P. 9.8. Mother has not appealed from the trial court's final judgment.

1

comply with a court order that established the actions necessary to obtain the return of J.D., and because he had knowingly engaged in criminal conduct that resulted in conviction and confinement and the inability to care for his child for a period of not less than two years. *See* Tex. Fam. Code Ann. § 161.001(1) (O), (Q) (West 2014). The trial court also found that terminating Father's parent-child relationship with J.D. was in J.D.'s best interest. *Id*. § 161.001(2) (West 2014).

In the appeal, Father's court-appointed counsel filed a motion to withdraw, along with an *Anders* brief. In these, Father's counsel argues that no issues of arguable merit are available to support an appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). In the brief, counsel provides the court with counsel's professional evaluation of the record. In the motion to withdraw, Father's counsel certified that she sent Father a copy of the *Anders* brief and her motion to withdraw, and that she informed Father of his right to review the records and to file a *pro se* response. *See In the Interest of K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Although we granted Father an extension to file a response, no response was filed.

We have reviewed counsel's brief and the trial court record. We conclude that no arguable grounds for appeal exist. We also find nothing to indicate new

counsel should be appointed to file another brief in Father's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's final judgment terminating Father's parental rights, and we grant counsel's motion to withdraw.[2]

AFFIRMED.

 

 

_____
HOLLIS HORTON
Justice

Submitted on July 21, 2015
Opinion Delivered August 13, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2] In connection with withdrawing from the case, counsel shall inform Father of the result of this appeal and that he has a right to file a petition for review with the Texas Supreme Court. *See* Tex. R. App. P. 53; *In the Interest of K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).