## In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-15-00185-CV
_____

## IN THE INTEREST OF T.V., P.V., and K.V.

**On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. PC05868**

## MEMORANDUM OPINION

This is a parental-rights termination case. Following a bench trial, the trial court signed a judgment terminating the parental rights of C.C. (Mother) and E.V. (Father) to their children, T.V., P.V., and K.V.[1] Mother has appealed from the trial court's final judgment.

The judgment reflects that the trial court found, by clear and convincing evidence, that Mother's parental rights should be terminated because she failed to

_____

[1] To protect the identity of the parties, they have been identified by their initials. *See* Tex. R. App. P. 9.8. Father has not appealed from the trial court's final judgment.

1

comply with a court order that established the actions necessary to obtain the return of her children. *See* Tex. Fam. Code Ann. § 161.001(1)(O) (West 2014). The trial court also found that terminating Mother's parent-child relationships with her children was in their best interest. *Id.* § 161.001(2) (West 2014).

In this appeal, Mother's court-appointed counsel filed a motion to withdraw, along with an *Anders* brief. In these, Mother's counsel argues that no issues of arguable merit are available to support an appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). In the brief, counsel provides the court with counsel's professional evaluation of the record. In the motion, Mother's counsel certified that he sent Mother a copy of the *Anders* brief and his motion to withdraw, and that he informed Mother of her right to review the records and to file a *pro se* response. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Mother did not file a response.

We have reviewed counsel's brief and the trial court record. We conclude that no arguable grounds for appeal exist. We also conclude that it is not necessary to appoint another attorney to rebrief the appeal. *Cf. Stafford v. State*, 813 S.W.2d

503, 511 (Tex. Crim. App. 1991). We affirm the trial court's final judgment terminating Mother's parental rights, and we grant counsel's motion to withdraw.[2]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 28, 2015
Opinion Delivered September 24, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2] In connection with withdrawing from the case, Mother's counsel shall inform Mother of the result of this appeal and that Mother has the right to file a petition for review with the Texas Supreme Court. *See* Tex. R. App. P. 53; *In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).