# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00109-CV

**J. A., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-14-004882, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.A. appeals from the trial court's final decree terminating his parental rights to his child. The Texas Department of Family and Protective Services first contacted J.A. after the child's mother left the infant in J.A.'s care several months after the child's birth. On July 31, 2014, J.A. and the Department signed a Safety Plan forbidding the child's mother to have access to the child. Three days later, on August 3, the child was found alone in J.A.'s home, strapped in a car seat, and soaked in urine. On August 13, the Department received a report that J.A. had been arrested after a physical altercation with the child's mother at J.A.'s home. On August 27, the Department filed a petition requesting termination of J.A.'s parental rights. The trial court entered temporary orders including provisions that J.A. was to successfully complete protective parenting classes, complete a psychological evaluation, submit to random drug testing, complete a drug and alcohol assessment, and notify the Department within 24 hours of any change of address, employment, or persons

residing in the home. At the permanency hearing on October 12, 2015, the Court was informed that J.A. had been arrested again as a result of a domestic violence incident with the child's mother, had missed visits with the child, had not completed therapy due to being incarcerated, and had not provided a certificate of completion of the parenting classes. At trial on the merits on February 1, 2016, the court found by clear and convincing evidence that J.A. failed to comply with provisions of the court's order that established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for not less than nine months, Tex. Fam. Code § 161.001(b)(1)(O), and that termination of J.A.'s parental rights was in the best interest of the child, *id.* § 161.001(b)(2).

On appeal, J.A.'s attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[1] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. Counsel has represented to the Court that she provided a copy of the brief to J.A.; advised him of his right to examine the appellate record and file a pro se brief; personally provided him with a copy of the appellate record; and notified him of his deadline for filing a pro se brief. *See Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 & n.4 (Tex. App.—Austin 2005, pet. denied)*; see also Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014). J.A. has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that

---

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646 & n.4 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

the appeal is frivolous.  We therefore affirm the trial court's final decree.  Further, in accordance with the Texas Supreme Court's recent decision, we deny counsel's motion to withdraw.  *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *7 (Tex. Apr. 1, 2016).[2]

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 3, 2016

_____

[2] In *P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."  No. 15-0171, 2016 Tex. LEXIS 236, at *7 (Tex. Apr. 1, 2016). Accordingly, counsel's obligation to J.A. has not yet been discharged.  *See id.*  If J.A., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id.* at *8.