

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00153-CV

**IN THE INTEREST OF A.L.H.** and G.F.H.

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01945
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 15, 2018

AFFIRMED IN PART; ABATED IN PART

The Texas Department of Family and Protective Services sought to terminate both Appellant Mother's and Appellant Father's parental rights to their three children. This appeal involves only their two oldest children, A.L.H. and G.F.H. Their other child, G.N.H., although included in the same hearings with A.L.H. and G.F.H., is the subject of a separate appeal, Appeal No. 04-18-00154-CV.

When the underlying case was called to trial on January 5, 2018, in attendance were Appellant Father (by phone due to his incarceration), Appellant Father's attorney, the Department's attorney, and the ad litem for the children. The trial judge noted that the case had been set multiple times and that it had been pending close to eighteen months. The trial judge also noted that neither Appellant Mother nor her attorney was present. The trial judge stated, "We are

going forward today." However, due to the absence of Appellant Mother and her counsel, the trial judge stated that if counsel for Appellant Mother later filed a motion for new trial, along with Appellant Mother's affidavit, the new trial would be granted. Otherwise, according to the trial judge, he would "consider it a waiver of everything, and the judgment, whatever the evidence supports, will stand." A review of the record shows Appellant Mother's attorney did not file a motion for new trial.

The trial judge then heard evidence from Appellant Father, the Department caseworker, a psychologist who conducted a psychological exam of both Appellant Mother and Appellant Father, the CASA volunteer assigned to the case, and Appellant Mother's aunt. The record shows that Appellant Mother arrived at the hearing about an hour and a half after it began and was called to testify by the State. However, her attorney did not make an appearance at any point that day.

At the close of the testimony, the trial judge terminated Appellant Father's parental rights and entered an interlocutory order to that effect. As to Appellant Mother, the trial judge reiterated that Appellant Mother's attorney was not present and Appellant Mother had made an appearance an hour and a half after the proceedings had begun. The trial judge then stated,

> I'll, once again, make a provision. I'll make an exception for this. And I'm going to say that though we have begun trial as to the mother, she has testified here today, [and] she's participated here today. I do understand that she is without counsel, and the Court will accommodate that.

The trial judge then appointed co-counsel to work with the counsel already appointed and announced a recess as to Appellant Mother. The trial judge stated Appellant Mother's trial would continue on March 2, 2018.

On March 2, 2018, Appellant Mother's trial proceeded. The trial judge noted he had previously signed an interlocutory order of termination as to Appellant Father. The trial judge then stated,

I'm going to incorporate all testimony of the January 5, 2018 hearing into today's hearing by court order, taking judicial notice of it and incorporating. My understanding is Appellant Mother was not present at the January 5th [hearing]. She arrived late. [Appellant Mother's attorney] had some medical issues and was not present on January 5th.

The Department's attorney then stated he would call Appellant Mother as a witness but because she was not present, he rested his case without presenting further testimony. The children's ad litem called the CASA volunteer to testify. Appellant Mother's attorney called Appellant Mother's aunt to testify. In her closing argument, Appellant Mother's attorney argued against termination, but admitted that she did not know what evidence had been presented regarding her client: "I was not present at the last hearing so I don't know if there was evidence given that she did participate in services." The trial judge again stated he was incorporating the entire testimony from the January 5, 2018 hearing and ordered termination of Appellant Mother's parental rights. Appellant Mother and Appellant Father appealed.

### ANDERS V. CALIFORNIA

Both court-appointed counsel for Appellant Father and Appellant Mother have filed briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio 2003, order) (applying *Anders* procedure in appeal from order terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio 2003, no pet.). Both counsel have concluded that a thorough review of the record reveals that the appeals for their respective clients are frivolous and without merit. *See Anders*, 386 U.S. at 744; *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744. We also consider any pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005); *Johnson v. Dep't of Family*

*& Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] 2010, no pet.). If, after reviewing the entire record, we find any arguable grounds for appeal, we must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support appeal. *See Anders*, 386 U.S. at 744 ("[I]f [an appellate court] finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.").

### APPELLANT FATHER'S APPEAL

Appellant Father's appointed counsel filed an *Anders* brief that contains a professional evaluation of the record and demonstrates that there are no arguable grounds to be advanced. Appellant Father's counsel concluded that the appeal of the termination of Appellant Father's parental rights is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Appellant Father was provided a copy of his counsel's brief and motion to withdraw, and was informed of his right to review the record and file his own brief. In addition, counsel advised Appellant Father to file a motion in this court if he wished to review the appellate record and enclosed a form motion for that purpose. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014); *In re R.R.*, 2003 WL 21157944, at *4. This court then set a deadline for Appellant Father to file his pro se brief. Appellant Father did not request access to the record or file a pro se brief. We have reviewed the record and the *Anders* brief filed by Appellant Father's counsel. We agree that this appeal as to Appellant Father is without merit. Accordingly, we grant the motion to withdraw filed by Appellant Father's counsel and affirm the trial court's order terminating Appellant Father's parental rights.

**APPELLANT MOTHER'S APPEAL**

In Appellant Mother's appeal, her appointed counsel first filed a brief contending the evidence was legally and factually insufficient to support the trial court's finding that termination of Appellant Mother's parental rights was in the best interest of the child. Because appointed counsel had inadequately briefed the issue presented, this court ordered counsel to file an amended brief on Appellant Mother's behalf. In so ordering, this court explained the brief filed by counsel was deficient in three ways:

1. It does not contain any case-specific arguments or contentions that examine how the law applies to the evidence in this case. The "Statement of the Facts" section contains a detailed recitation of all of the evidence that the Department relied on at trial, but the "Argument" section does not provide any contentions or arguments as to why that evidence is legally or factually insufficient.

2. The "Argument" section contains no citations to the record.

3. The "Summary of the Argument" merely reiterates the issue statement.

We also noted that if Appellant Mother's attorney is "unable to make good-faith arguments and contentions in support of the sole issue on appeal, he is hereby reminded of the procedures for filing a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967)."

In response, Appellant Mother's attorney filed an *Anders* brief, stating he "has diligently reviewed the record and cannot find any point of error upon which a non-frivolous appeal might be based." We have reviewed the record and conclude that it contains at least one arguable issue for appeal. Given the absence of Appellant Mother's court-appointed attorney at the first day of trial, we conclude there is at least an arguable issue for appeal relating to the right to counsel and ineffective assistance of counsel. Therefore, we abate Appellant Mother's appeal, grant her counsel's motion to withdraw, and order the trial court to appoint new appellate counsel for

Appellant Mother within ten days. After new appellate counsel has been appointed, we will notify the parties of the briefing schedule for Appellant Mother's appeal.

## CONCLUSION

As to Appellant Father, we affirm the trial court's order terminating his parental rights. With regard to Appellant Mother, we abate her appeal for appointment of new appellate counsel.

Karen Angelini, Justice