**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        In the Interest of J. S., A Child

Appellate case number:     01-19-00146-CV

Trial court case number:    2018-00409J

Trial court:                 314th District Court of Harris County

This is an accelerated appeal from a judgment in which the trial court terminated the parental rights for both the mother, A.W.H., and the father, H.L.S., to their daughter, J.S. On April 4, 2019, appointed counsel for H.L.S. filed his appellant's brief on the merits. On April 16, 2019, Michellé Placzek, appointed counsel for A.W.H., filed an appellant's brief concluding that she could advance no arguable grounds for appeal and that the appeal by A.W.H. is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (*Anders* procedures are appropriate in a parental termination appeal).

Counsel's *Anders* brief stated that she was filing a motion to withdraw and had complied with all *Anders* requirements; however, counsel did not file a motion to withdraw with the Clerk of this Court nor did she provide a certification that she had served the *Anders* brief and motion to withdraw on A.W.H., with her last known address, or that she had informed A.W.H. that she had a right to examine the appellate record and file a pro se response. If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (stating that, in *Anders* cases, appointed counsel must inform client of right to file pro se response to *Anders* brief and right to review appellate record, must facilitate client's right to review record by providing client with form motion directed to court of appeals to access record, and must notify court of appeals that counsel has complied with these requirements). An *Anders* brief must accompany a motion to withdraw, neither the brief nor the motion may be filed on its own. *See Anders*, 386 U.S. at 744.

On April 23, 2019, this Court ordered A.W.H.'s appointed counsel to comply with the requirements of *Anders* by filing the required motion to withdraw and certification of service of the brief and motion on A.W.H. with the Clerk of this Court within five days of

the date of the order. Appointed counsel did not file the required motion to withdraw and certification.

This case is scheduled for submission on the briefs on August 6, 2019. The compliance deadline for disposing of this appeal is August 23, 2019. Accordingly, the Court **orders** appellant's appointed counsel, **Michellé Placzek**, to file the required motion to withdraw, certificate of service of the brief and motion on A.W.H., and certification that counsel notified A.W.H. of her pro se rights and supplied her with a form motion to access the appellate record with the Clerk of this Court **within 5 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes

        x  Acting individually     ☐  Acting for the Court

Date: July 19, 2019