Opinion issued November 8, 2007



     













In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00625-CV





IN THE INTEREST OF A.S., a child





On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2002-05407J




MEMORANDUM OPINIONAppellant, Shuemon Manuel Smith, appeals the trial court’s order terminating
parental rights to his child, A.S.


 Appellant’s court-appointed appellate counsel filed
a brief concluding that there is no non-frivolous issue that could be presented on
appeal and that any appeal would be without merit. Appellant’s appellate counsel’s
brief includes a motion to withdraw, stating that he mailed a copy of the brief to
appellant, along with a letter advising him of his right to file a pro se brief. We affirm
the judgment of the trial court and grant appointed counsel’s motion to withdraw.
Background
          Appellant is the father of two children, A.S. and S.S. In June 2002, pursuant
to an emergency order, the Texas Department of Family and Protective Services
(DFPS) took possession of A.S., who was four years old, and S.S., who was six years
old. After a full adversary hearing, the trial judge signed a temporary order naming
DFPS temporary managing conservator of the children and requiring supervised
contact between appellant and the children. A.S. was placed in foster care with a
foster family beginning April 17, 2003.


 At the time of the emergency order and
subsequent hearing, appellant was incarcerated in Michigan where he was serving a
five-year sentence for a 1997 conviction for breaking and entering after violating the
terms of his parole in 1998.


 Appellant was released from prison on September 26,
2002.
          When appellant learned that the children were in the custody of DFPS, he
contacted DFPS to inquire about reunification with the children. In March 2003,
DFPS and the caseworker assigned to the case created a Family Service Plan for
appellant so that he could work towards reunification with the children. The plan
required that appellant attend parenting classes, secure appropriate employment,
maintain proper housing, undergo psychological evaluation, and not engage in
criminal activity. Appellant did not complete the terms of the plan. Appellant
explained he did not complete the service plan because he believed the children
would be reunited with their mother, Nancy Ralstin.
          After his release from prison, he attempted to contact both children through
letters. Appellant stated that he sent one letter with photos enclosed to the DFPS
caseworker for A.S. He also testified that he spoke with the DFPS caseworker
“numerous” times to ask about the children. However, according to the DFPS
caseworker, she initiated all the calls to appellant.
          In 2003, DFPS performed a home study on appellant’s sister to determine
whether the children could be placed in her care. The home study was approved, but
appellant’s sister stated that she wanted the placement only if it was permanent. 
DFPS decided to pursue reunification with Ralstin, the children’s mother, instead. 
The attempted reunification did not materialize. DFPS then considered placing the
children with appellant’s sister, but she was unable to care for the children due to her
return to school. In May 2004, DFPS began a home study on appellant’s mother, the
children’s grandmother, which failed because she admitted to using marijuana.
          On November 1, 2004, DFPS filed a motion seeking to terminate the parental
rights of appellant with regard to A.S. On March 16, 2005, appellant returned to
prison for a parole violation because he was in a car with a person who had a
concealed weapon. After returning to jail, appellant did not contact DFPS, nor did he
have any relatives contact the DFPS caseworker about his children. In May 2005, the
DFPS caseworker contacted appellant about voluntarily relinquishing his parental
rights, but appellant did not want to sign the papers. Appellant did not provide the
DFPS caseworker with the contact information of anyone who could care for the
children while he was in prison. 
          Appellant claimed that while he was in prison, he could communicate with the
children by sending letters, calling, and sending money. He also stated that either his
fiancée or his father would be able to take care of the kids, but he admitted that he
had never given their names or contact information to the DFPS caseworker.
          Appellant said that he was taking welding classes and parenting classes while
in prison. Although he was set to be released from prison on December 4, 2006, upon
his release, appellant was required to serve a 20-month federal sentence on a charge
of felon in possession of a firearm. After the completion of his federal sentence,
appellant will be on supervised release. During that time, appellant will not be able
to leave the state of Michigan to visit his children in Texas.
          At trial, the DFPS caseworker testified that she believed appellant’s rights
should be terminated and that at no time had A.S. ever talked about his father. She
stated that appellant had not been involved in the child’s life and had not provided
any financial help to the child. The foster mother of A.S. also testified, stating that
the child wanted to be adopted by her family, that the child did not know who his
biological father was, and that the child had blossomed while in her family’s home
environment.
          In its final order, the trial court found three grounds on which to terminate
appellant’s parental rights. The court found that appellant had
          engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well
being of the child, pursuant to § 161.001(1)(E) of the Texas Family
Code;
 
constructively abandoned the child who has been in the permanent or
temporary managing conservatorship of the Department of Family and
Protective Services or an authorized agency for not less than six months
and: (1) the Department or authorized agency has made reasonable
efforts to return the child to the father; (2) the father has not regularly
visited or maintained significant contact with the child; and (3) the
father has demonstrated an inability to provide the child with a safe
environment, pursuant to § 161.001(1)(N) of the Texas Family Code;
[and]
 
knowingly engaged in criminal conduct that has resulted in the father’s
conviction of an offense and confinement or imprisonment and inability
to care for the child for not less than two years from the date of filing the
petition, pursuant to § 161.001(1)(Q) of the Texas Family Code. 
          Appellant filed a motion for new trial combined with a statement of appellate
points under section 263.405(b) of the Texas Family Code, and a notice of appeal in
the trial court. See Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp. 2007). 
Appellant’s court-appointed appellate counsel submitted an Anders brief and motion
to withdraw as counsel. Appellant did not file a pro se response.
Anders Procedure
          Anders procedures are appropriate in parental-rights termination cases. In re
K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see also In
re D.E.S., 135 S .W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.). 
          When this Court receives an Anders brief from a defendant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991) (same).
          Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005). If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. See id. The trial court must then either appoint another attorney to present
all arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se. See id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues raised. Id. 
“Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.” Id. If we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for review
filed in the Texas Supreme Court. Cf. id. at 827 & n.6.
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. Counsel’s brief meets the minimum
Anders requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant’s counsel sent a copy of the
brief to appellant, requested permission to withdraw from the case, and notified
appellant of his right to review the record and file a pro se response. DFPS waived
its opportunity to file an appellee’s brief. In accordance with Anders, 386 U.S. at
744–45, 87 S. Ct. at 1400, and Bledsoe, 178 S.W.3d at 826–28, we have reviewed the
record and appellant’s appointed counsel’s Anders brief and conclude that no
reversible error exists. 
 

Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw. 
 

                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.