

**NUMBER 13-08-00316-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE INTEREST OF M.P.O. AND J.M.B., CHILDREN**

**On appeal from the County Court at Law No. 1
of Calhoun County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

This is an accelerated appeal from an order terminating the parental rights of appellant, the biological mother of M.P.O. and J.M.B., children. We affirm.

At the conclusion of a jury trial, the jury found by clear and convincing evidence that appellant committed one or more of the specified acts or omissions set out in section 161.001 of the Texas Family Code and that it was in the best interest of M.P.O. and J.M.B. to terminate the parent-child relationships between the children and appellant. *See* TEX.

FAM. CODE ANN. § 161.001(Vernon Supp. 2008). A decree to that effect was entered by the court, and this appeal ensued.[1]

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he has found no reversible error reflected by the record and is of the professional opinion that the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). The procedures set forth in *Anders* are applicable to an appeal of the termination of parental rights when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.–Houston [1st Dist.] 2003, no pet.); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.–Corpus Christi 2003, no pet.). Appellant's brief meets the requirements of *Anders*. 386 U.S. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and raised and reviewed sixteen issues regarding the legal and factual sufficiency of the evidence as possible grounds for our review, thereby referring this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that: (1) he has examined the record and applicable authorities and finds no grounds for appeal; (2) he set forth issues which might arguably support an appeal; (3) he forwarded a copy of the brief to appellant with a letter

---

[1]The parental rights of the children's reported father were also terminated. He, however, is not a party to this appeal.

informing her of the filing of the brief and his request to withdraw as counsel; and (4) he informed appellant of her right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. Counsel has also informed this Court that he forwarded a copy of the reporter's record to appellant and, because he did not have a copy of the clerk's record, provided appellant with contact information so that she could request a copy from the Calhoun County Clerk's Office. More than thirty days have passed, and no pro se brief has been filed.

## II. Independent Review

Upon receiving a "frivolous appeal" brief, we must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record for reversible error and have considered the issues raised in appellant's *Anders* brief. We have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgment of the trial court is affirmed. Additionally, in accordance with *Anders*, appellant's counsel has asked permission to withdraw as counsel for appellant. *See*

*Anders*, 386 U.S. at 744.  We grant counsel's request to withdraw.  We further order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review.  *See In re K.D.*, 127 S.W.2d at 68 n.3 (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam)).

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 8th day of January, 2009.