

NUMBER 13-10-00136-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF K.B.R.R.K., A CHILD

**On appeal from 36th District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Lisa K. appeals the trial court's judgment terminating her parental rights with respect to K.B.R.R.K., a child. We affirm.

### I. COMPLIANCE WITH *ANDERS*

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states "that the appeal is wholly frivolous." *See Anders v. California*, 386 U.S. 738, 774-45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.–Corpus Christi 2003, no pet.) ("[W]hen appointed

counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). In her brief, counsel addresses three "possible issues that might have been appealed": (1) there was no evidence or insufficient evidence to prove that appellant engaged in conduct or knowingly placed her child with persons who engaged in conduct which endangers the physical or emotional well-being of her child, *see* TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon Supp. 2009); (2) there was no evidence or insufficient evidence to prove that termination of appellant's parental rights was in the best interest of the child, *see id*. § 161.001(2); and (3) appellant's motion for continuance was wrongfully denied. Counsel concludes, however, that any appeal in this case would be frivolous.[1] Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that she has (1) attended the trial on this matter, reviewed the record, researched the issues, and has concluded that this appeal is wholly frivolous, (2) provided appellant with a copy of the brief filed in support of counsel's motion to withdraw and with a copy of the reporter's record, and (3) informed appellant of her right to review the record and to file a pro se

---

[1] The Texas Department of Family and Protective Services filed a response to appellant's *Anders* brief in which it concurred with appellant's counsel's "evaluation concerning the legal and factual sufficiency of this evidence in support of the findings at issue" and agreed "that there are no arguable grounds for appeal."

response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M. & X.M*, No. 13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *3-4 (Tex. App.–Corpus Christi Aug. 20, 2009, no pet.) (mem. op.); *In re M.P.O.*, No. 13-08-00316-CV, 2009 Tex. App. LEXIS 103, at *3-4 (Tex. App.–Corpus Christi Jan. 8, 2009, no pet.) (mem. op.).  We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*,

---

[2]In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on May 28, 2010.[3] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of her right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.–Houston [1st Dist.] 2003, no pet.).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
5th day of August, 2010.

---

[3]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id*. at rule 53.2.