Opinion issued
December 23, 2010.



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NOS. 01-08-00749-CV

          01-08-00750-CV

———————————

Jamie Johnson, Appellant

V.

Department of Family
and Protective Services,
Appellee



 



 

On Appeal from the 315th District Court

Harris County, Texas



Trial
Court Case Nos. 2002-02875J, 2007-00884J

 



 

MEMORANDUM
OPINION

 

          The trial court terminated appellant Jamie
Johnson’s parental rights to her six children.[1]  Johnson’s court-appointed appellate counsel filed motions to
withdraw along with briefs stating his professional opinion that the appeals
are without merit and that there are no arguable grounds for reversal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967).  We have reviewed the
record and, having found no reversible error, we affirm the trial court’s
judgment.

Background

          In
2003, Johnson’s aunt was named permanent managing conservator for two of
Johnson’s children, E.J. and V.B.  After
her aunt passed away in 2005, all six of Johnson’s children were cared for by
another relative while Johnson was incarcerated.  In 2007, the Department of Family and
Protective Services (“the Department”), received a report of medical neglect by
Johnson concerning her children A.B., E.J., and V.B.  Johnson was drug tested because of her prior
history and tested positive for PCP.  The
children were placed with relatives or in foster homes.  

          The
Department prepared a service plan that included a number of actions for
Johnson to complete to obtain the return of her children.  Johnson failed to comply with several of these
requirements.  Although Johnson completed
parenting classes and an inpatient substance abuse program, she tested positive
on three drug tests and did not follow the recommendations from her substance
abuse program.  Additionally, although
she was referred to individual therapy sessions, she did not attend.  After hearing the evidence, the trial court
ordered Johnson’s parental rights terminated for all six of her children under
sections 161.001(1)(D), (E), and (O), and chapter 261 of the Texas Family Code.  See
Tex. Fam. Code Ann.
§ 161.001(D), (E), (O); see also
Tex. Fam. Code. Ann. §§
261.001–.410 (Vernon 2008 & Supp. 2010). 
The trial court also found that termination was in the children’s best
interest.

Discussion

          Anders procedures are
appropriate in parental-rights termination cases.  In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
 The brief submitted by Johnson’s
court-appointed appellate counsel states his professional opinion that no
arguable grounds for reversal exist, and any appeal would therefore lack
merit.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See id. at 744, 87 S. Ct. at 1400; In re Schulman, 252
S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).  This Court notified Johnson of her right to
review the record and file a pro se response. 
Johnson did not file a response. 

          When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S.
at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  We also consider any pro se response.  See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

          Thus, our role in this Anders appeal, which consists of
reviewing the entire record, is to determine whether arguable grounds for
appeal exist.  See id. at 827.  If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  Then, the trial
court appoints another attorney to present all arguable grounds for
appeal.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id. 

          On the other hand, if our
independent review of the record leads us to conclude that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in
which we explain that we have reviewed the record and find no reversible
error.  Id.  Johnson may challenge
the holding that there are no arguable grounds for appeal by petitioning for
review in the Supreme Court of Texas.  See id. at 827 & n.6.

          Following Anders and Bledsoe, we have reviewed the records and counsel’s Anders briefs.  We conclude that no reversible error exists.
Consequently, we affirm the judgments of the trial court and grant counsel’s
motions to withdraw.[2]

Conclusion

We affirm the judgments of the trial court and grant
appointed counsel’s motions to withdraw.

 

 

                                                                   Jane
Bland

                                                                   Justice

 

Panel consists of Chief
Justice Radack and Justices Bland and Massengale.











[1]           In trial court cause number
2002-02875J, which is appellate number 01-08-00749-CV, the trial court
terminated Johnson’s parental rights to V.B. and E.J.  In trial court cause number 2007-00884J,
which is appellate number 01-08-00750-CV, the trial court terminated Johnson’s
parental rights to A.B., R.J., D.S., and J.S.





[2]
          Appointed
counsel still has a duty to inform appellant of the result of this appeal and
notify appellant that she may, on her own, pursue a petition for review in the
Supreme Court of Texas.  In re
K.D., 127 S.W.3d 66, 68 n.3
(Tex. App.—Houston [1st Dist.] 2003, no pet.); see also Bledsoe v. State, 178 S.W.3d 824, 827
& n.6 (Tex. Crim. App. 2005).