**Opinion issued December 13, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00285-CV

—————————————

## IN THE INTEREST OF W.K., Jr., T.M. and C.M.

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-05664J**

## MEMORANDUM OPINION

In this accelerated appeal,[1] appellant, C.V.M., challenges the trial court's order terminating her parental rights to her three minor children. Appellant's court-appointed counsel has filed an *Anders*[2] brief and informed this Court that he

---

[1]  *See* TEX. FAM. CODE ANN. §  263.405(a) (West Supp. 2012).

[2]  *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

has "made a professional evaluation of the record" and can find no arguable grounds for appeal.[3]

We affirm.

## Background

On August 26, 2010, the Texas Department of Family and Protective Services ("DFPS") filed its original petition to terminate appellant's parental rights to her three children. On February 22, 2012, the day of trial, appellant executed an "Irrevocable Affidavit of Voluntary Relinquishment of Parental Rights to the Department of Family and Protective Services" pertaining to the children.[4] In her affidavit, appellant testified that "[t]ermination of the parent-child relationship is in the best interest of the children" and she gave "up all" her "parental rights and grant[ed] them to the Department and/or to the adoptive parents" with whom her children might be placed.

At trial, DFPS relied solely on appellant's affidavit of relinquishment in support of its petition. The trial court found by clear and convincing evidence that appellant had "executed an unrevoked or irrevocable affidavit of relinquishment" and termination of her parental rights was in the children's best interest. It ordered

---

[3]    *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (following sister courts in holding procedures set forth in *Anders* are applicable to appeal from termination of parental rights when appointed counsel concludes that there are no arguable issues to assert on appeal).

[4]    *See* TEX. FAM. CODE ANN. § 161.001(K) (West Supp. 2012).

appellant's parental rights terminated. Appellant subsequently filed a motion for new trial, wherein she asserted that she "desire[d] to revoke and withdraw" her affidavit of relinquishment and "she was pressured by the Court" to sign the affidavit. After a hearing, at which appellant did not appear, the trial court denied her motion for new trial.

## *Anders*

*Anders* procedures are appropriate in parental-rights termination cases. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The brief submitted by appellant's counsel on appeal states his professional opinion that no arguable grounds for reversal exist and any appeal would lack merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008). Appellant's counsel has certified to this Court that he delivered a copy of the brief to appellant by certified mail and informed her that she had the right to file a pro se response. Appellant has not filed a pro se response or a motion requesting an extension of time to file a response with this Court.

When we receive an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine

3

that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). We also consider any pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Thus, our role in this *Anders* appeal, which consists of reviewing the entire record, is to determine whether arguable grounds for appeal exist. *See id.* at 827. If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that an appeal would be wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *Id.* Appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Texas Supreme Court. *See id.* at 827 & n.6.

4

## Conclusion

We have reviewed the entire record, and we hold that there are no arguable grounds for appeal. Accordingly, we affirm the order of the trial court, and we grant counsel's motion to withdraw.[5]

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

[5] We note that counsel still has a duty to inform appellant of the result of this appeal and also to inform appellant that she may, on her own, pursue a petition for discretionary review of this Court's judgment in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d at 68 n.3; *see also Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).