**Opinion issued November 26, 2013.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————

**NO. 01-13-00566-CV**

———————

**IN THE INTEREST OF I.T.S., A CHILD**

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-01859J**

**MEMORANDUM OPINION**

The trial court terminated appellant A.D.H.'s parental rights to I.T.S., her child. Appellant's court–appointed appellate counsel has filed a motion to withdraw along with a brief stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We have reviewed the record

and, having found no reversible error, we grant counsel's motion to withdraw and affirm the trial court's judgment.

*Anders* procedures are appropriate in parental–rights termination cases. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well–founded. *Id.* Here, counsel has certified that he delivered a copy of the brief to appellant and informed appellant of her right to examine the appellate record and to file a response. *See id.* at 408.

The brief submitted by appellant's appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *Schulman*, 252 S.W.3d at 409 n.23. This Court notified appellant of her right to review the record and to file a pro se response. Appellant did not file a response.

2

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* at 827. Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *Id.* at 826–27. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner v. State*, 300 S.W.3d 763, 765 (Tex. Crim. App. 2009). Appellant

3

may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Following *Anders*, we have reviewed the record and counsel's *Anders* brief. We conclude that no reversible error exists. Consequently, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Donald M. Crane must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) to appellant and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and notify appellant that she may, on her own, pursue a petition for review in the Supreme Court of Texas. *In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

4