**Opinion issued November 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00546-CV

———————————

## IN THE INTEREST OF E.L.W., A CHILD

---

### On Appeal from the 315th District Court
### Harris County, Texas
### Trial Court Case No. 2016-00344J

---

## MEMORANDUM OPINION

This is an accelerated appeal from the trial court's final order in a suit brought

by the Department of Family and Protective Services ("DFPS") for the protection of

a child, for conservatorship, and for termination in a suit affecting the parent-child

relationship. In its final order, the trial court did not terminate the parental rights of

the children's parents; rather, it appointed the child's paternal grandparents as sole

managing conservators and the child's parents as possessory conservators of the

child, E.L.W. The mother. B.C.B., filed a notice of appeal, and the trial court appointed counsel on her behalf to prosecute the appeal. The mother's court-appointed appellate counsel has filed a motion to withdraw, along with a brief, stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by DFPS for the protection of a child, for conservatorship, or for parental-rights termination. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re J.E.L.*, No. 04-15-00634-CV, 2016 WL 1359354, at *1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* to order in which trial court did not terminate mother's parental rights, but appointed maternal grandmother as children's managing conservator and children's parents as possessory conservators). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

Here, counsel has certified that he delivered a copy of the brief to the mother and informed her of her right to examine the appellate record and to file a response. *See id.* at 408. This Court also notified the mother of her right to review the record and to file a pro se response. The mother did not file a response.

The brief submitted by the mother's appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 409 n.23.

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist,

we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.* at 827.

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.* at 826–27. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *Id.* The appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *Id.* at 827 & n.6.

We have reviewed the record and, having found no reversible error, we affirm the trial court's judgment, but we deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(3)(B). If the mother wishes to pursue an appeal to the Supreme Court of

4

Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Bland.