**Opinion issued December 5, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00485-CV**

————————————

**IN THE INTEREST OF K.L.W., A Child**

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Case No. 2017-02559J**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's final decree for termination in a suit brought by the Department of Family and Protective Services ("DFPS") to terminate the parent-child relationship between appellants and K.L.W. ("the child"). In its decree, the trial court terminated both parents' parental rights, and appointed DFPS as sole managing conservator of the child. Both the father, R.D.W., and the mother, B.B.C., filed notices of appeal, and the trial court appointed separate counsel on their

behalves to prosecute this appeal. Both the father and the mother's court-appointed appellate counsel have moved to withdraw and filed separate *Anders* briefs, stating that, in their professional opinions, this appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellants have filed several pro se motions, including a motion for rehearing of an order of reinstatement, which were carried with the case.

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental-rights termination suit. *In the Interest of K.D., et al.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Both counsel have certified that they have delivered a copy of their respective briefs to the father and mother and informed them of their rights to examine the appellate record and to file responses. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Both parents timely filed responses and DFPS waived its right to respond.

The briefs submitted by the father's and mother's appointed appellate counsel state their professional opinions that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's briefs meet the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744; *Schulman*, 252 S.W.3d at 409 n.23.

2

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we determine independently whether arguable grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see K.D.*, 127 S.W.3d at 67; *In the Interest of D.E.S., et al.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See Johnson*, 2010 WL 5186806, at *2. Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.* Here, we have independently reviewed the record and conclude that there are no arguable grounds for review, that no reversible error exists, and therefore the parents' appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that the reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *In the Interest of A.M., et al.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Accordingly, we affirm the trial court's termination decree.

However, we deny both counsel's motions to withdraw because this is a parental termination case. *See In the Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that *Anders* brief in parental termination is not "good cause" sufficient to justify counsel's withdrawal); *A.M.*, 495 S.W.3d at 582. Counsel's duties to their clients extend through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(2)(B) (West 2014). If the appellants choose to pursue a petition for review to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28. We deny all of the appellants' pending pro se motions, including the motion for rehearing of the order of reinstatement.

**PER CURIAM**

Panel consists of Justices Higley, Lloyd, and Caughey.

4