

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00369-CV

**IN THE INTEREST OF N.N.M.**

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 17-01-13061-DCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 16, 2019

ABATED

This appeal arises from a suit brought by the Texas Department of Family and Protective Services to terminate Appellant Don S.'s parental rights to his daughter, N.N.M. On January 2, 2017, four-month-old N.N.M. was removed from her mother's care after being hospitalized with a brain injury. In addition to the brain hematoma, N.N.M. had two healing leg fractures and visible bruising on her right shoulder. The boyfriend of N.N.M.'s mother admitted to grabbing N.N.M. by the leg and swinging her across the room, causing her head to hit the wall. When asked by the Department about N.N.M.'s father, N.N.M.'s mother eventually provided Don S.'s full name but did not provide a date of birth or address. After multiple attempts at contacting Don S., on November 7, 2017, the Department was able to make contact. Don S. immediately requested a DNA test. He was assigned a courtesy caseworker in his hometown of Lubbock and was given a

service plan. After a jury trial, his parental rights were terminated pursuant to sections 161.001(b)(1)(C), (D), (E), (N), and (O), and section 161.001(b)(2) of the Texas Family Code.

Court-appointed counsel for Don S. has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio 2003, order) (applying *Anders* procedure in appeal from order terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio 2003, no pet.). Counsel concluded that a thorough review of the record revealed the appeal to be frivolous and without merit. *See Anders*, 386 U.S. at 744; *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744. We also consider any pro se response. *Johnson v. Tex. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] 2010, no pet.).[1] If, after reviewing the entire record, we find any arguable grounds for appeal, we must abate the appeal and order the trial court to appoint other counsel to present those and any other grounds that might support appeal. *See Anders*, 386 U.S. at 744.

Here, Don S.'s parental rights were terminated pursuant to multiple predicate grounds. Under the Texas Family Code, along with a best-interest finding under section 161.001(b)(2), a finding of only one ground listed in section 161.001(b)(1) is required to terminate parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b). Thus, when termination is based on multiple predicate grounds for termination, many appellate courts have affirmed the trial court's order based on one ground and not reached issues related to other predicate grounds. *See, e.g., In re A.T.*, No. 04-18-

---

[1] Don S. has not filed a pro se response.

00613-CV, 2018 WL 6793572, at *5 (Tex. App.—San Antonio 2018, no pet.); *In re L.L.N.-P.*, No. 04-18-00380-CV, 2018 WL 6069853, at *4 (Tex. App.—San Antonio 2018, pet. denied).

Recently, however, the Texas Supreme Court has explained that even when sufficient evidence exists to terminate under one predicate ground, due process requires appellate courts to address appellate points related to subsections (b)(1)(D) or (E). *See In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019). Subsection (b)(1)(D) permits termination of parental rights if the court finds by clear and convincing evidence that the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(D). Subsection (b)(1)(E) permits termination of parental rights if the court finds by clear and convincing evidence that the parent has "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." *Id.* § 161.001(b)(1)(E). The supreme court explained that these findings under subsections (b)(1)(D) and (E) may be the basis for termination in a subsequent suit involving a different child. *See In re N.G.*, 577 S.W.3d at 234. Subsection (b)(1)(M) permits parental rights to be terminated if the parent "has had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *In re N.G.*, 577 S.W.3d at 234 (quoting section 161.001(b)(1)(M) of the Family Code). Because findings based on subsections (b)(1)(D) or (E) may become "a basis to terminate a parent's right to other children," the supreme court reasoned that when a parent presents an appellate issue related to subsections (b)(1)(D) or (E) and the appellate court does not address the issue on appeal, the appellate court "eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children." *Id.* at 235. According to the supreme court, "the parent's fundamental liberty interest at stake outweighs the state's interest in deciding

only what is necessary for final disposition of the appeal." *Id.* at 237. "Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court thus violates the parent's due process and due course of law rights." *Id*.

Given this holding by the supreme court, we must consider whether an arguable ground for appeal exists with respect to subsections (b)(1)(D) and (E). After reviewing the record in this appeal, we conclude that there are arguable issues for appeal relating to the legal and factual sufficiency of the evidence to support findings under subsections (b)(1)(D) and (E). Therefore, we abate this appeal and order the trial court to appoint new appellate counsel for Appellant Don S. within ten days. After new appellate counsel has been appointed, we will notify the parties of the briefing schedule for Appellant Don S.'s appeal.

Liza A. Rodriguez, Justice