**Opinion issued October 13, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-20-00406-CV

———————————

## IN THE INTEREST OF N.J., A CHILD

———————————

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case No. 18DCV0405**

———————————

## MEMORANDUM OPINION

This is an appeal from the trial court's final decree of termination in a suit brought by the Department of Family and Protective Services (DFPS) to terminate the parent-child relationship between Th.J., M.M. (alleged fathers) and T.J. (mother) and the child, N.J. In its decree, the trial court terminated all parents' parental rights and appointed DFPS as sole managing conservator of the child.

Th.J., M.M., and T.J. filed notices of appeal, and the trial court appointed Amy Blythewood to prosecute their appeals. Appellants court-appointed appellate counsel filed *Anders* briefs, stating that, in her professional opinion, her clients' appeals are without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental-rights termination suit. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In this case, appellants were served by publication and their whereabouts are unknown. A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se brief. *See In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008). Appellants have not filed a response, and DFPS has waived its right to respond.

The brief submitted by appellants' appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744; *In re Schulman*, 252 S.W.3d at 406–07.

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we independently determine whether arguable grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See Johnson*, 2010 WL 5186806, at *2.

We have independently reviewed the record and conclude that there are no arguable grounds for review, that no reversible error exists, and therefore appellants' appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Accordingly, we affirm the trial court's termination order as to Th.J., MM. and T.J.

As is proper, appellant counsel has not filed a motion to withdraw because this is a parental termination case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that *Anders* brief in parental termination case is not "good cause"

sufficient to justify counsel's withdrawal); *In re A.M.*, 495 S.W.3d at 582. A counsel's duties to her clients extend through the exhaustion or waiver of "all appeals." *In re A.M.*, 495 S.W.3d at 583 (citing TEX. FAM. CODE § 107.016). If either Th.J., M.M., or T.J. chooses to pursue a petition for review to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27–28.

We affirm the trial court's order terminating Th.J's, M.M.'s, and T.J.'s parental rights to the child, N.J.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Hightower and Adams.