**Opinion issued June 15, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00845-CV

———————————

## IN THE INTEREST OF M. R., A CHILD

———

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2001-21974**

———

## MEMORANDUM OPINION

This is an accelerated appeal brought by the mother, L.M.B., from the trial court's final order in a suit brought by the Department of Family and Protective Services ("DFPS") for conservatorship and for termination in a suit affecting the parent-child relationship. In its final order, the trial court did not terminate the mother's parental rights to the child, M.R.; rather, it terminated the father's parental

rights only and appointed the child's paternal uncle as sole managing conservator. The mother's court-appointed counsel filed a notice of appeal on the mother's behalf and has since filed a motion to withdraw, along with a brief, stating her professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by DFPS for the protection of a child, for conservatorship, or for parental-rights termination. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re E.L.W.*, No. 01-17-00546-CV, 2017 WL 5712545, at *1 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet.) (mem. op.) (applying *Anders* to final order in which trial court did not terminate parents' parental rights, but appointed paternal grandparents as managing conservators and parents' as possessory conservators); *In re J.E.L.*, No. 04-15-00634-CV, 2016 WL 1359354, at *1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* to order in which trial court did not terminate mother's parental rights but appointed maternal grandmother as children's managing conservator and children's parents as possessory conservators). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, her obligation to her client is to seek leave to withdraw. *Id.* Counsel's obligation to the

appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

Here, counsel has certified that she delivered a copy of the brief to the mother and informed her of her right to examine the appellate record and to file a response. *See id.* at 408. This Court also notified the mother of her right to review the record and to file a pro se response. The mother did not file a response.

The brief submitted by the mother's appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744; *Schulman*, 252 S.W.3d at 409 n.23.

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see also In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim.

App. 2005). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.* at 827.

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.* at 826–27. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See id.* The appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *Id.* at 827 & n.6.

We have independently reviewed the entire record and counsel's *Anders* brief and agree with counsel's assessment that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's judgment but deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE. § 107.016(3)(B). If the mother wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for

review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27–28.


                                        Amparo Guerra
                                        Justice

Panel consists of Justices Kelly, Guerra, and Farris.