**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00591-CV**

———————————

## IN THE INTEREST OF G.C.L. AND J.A.L., Children

———————————

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-32999**

———————————

## MEMORANDUM OPINION

In this accelerated appeal,[1] appellant, mother, challenges the trial court's order, entered after a bench trial, awarding the paternal grandparents of mother's minor children, G.C.L. and J.A.L. (collectively, the "children"), managing

---

[1]    *See* TEX. FAM. CODE ANN. § 263.405(a); TEX. R. APP. P. 28.4.

conservatorship of the children[2] and awarding mother possessory conservatorship of the children, without visitation.[3]  Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a brief stating that the record in this case presents no reversible error and the appeal is without merit and is frivolous.[4]  *See Anders v. California*, 386 U.S. 738 (1967).  The procedures set for in *Anders* are applicable to an appeal from a trial court's order in a suit brought by the Department of Family and Protective Services for the protection of a child, for conservatorship, or for termination of parental rights.  *See In re M.R.*, No. 01-20-00845-CV, 2021 WL 2425245, at *1–2 (Tex. App.—Houston [1st Dist.] June 15, 2021, no pet.) (mem. op.); *see, e.g.*, *In re E.L.W.*, No. 01-17-00546-CV, 2017 WL 5712545, at *1 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet.) (mem. op.) (applying *Anders* procedures to appeal from final order in which trial court did not terminate parental rights but appointed paternal grandparents as managing conservators and parents as possessory conservators); *In re J.E.L.*, No.

---

[2]     *See* TEX. FAM. CODE ANN. § 153.005 (appointment of managing conservator); *see also id.* § 156.101 (grounds for modification of order establishing conservatorship or possession and access).

[3]     *See id.* § 153.006 (appointment of possessory conservator); *see also id.* § 156.101 (grounds for modification of order establishing conservatorship or possession and access).  The children's father, who is not a party to this appeal, was also awarded possessory conservatorship of the children.

[4]     The prayer in the brief includes a request from counsel to withdraw from representing appellant.

04-15-00634-CV, 2016 WL 1359354, at *1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* procedures to appeal of trial court's order in suit affecting the parent-child relationship in which trial court did not terminate parental rights, but instead appointed children's grandparents as their managing conservator and children's parents as possessory conservators).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Counsel indicates that he has thoroughly reviewed the record in the appeal and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *see also In re K.D.*, 127 S.W.3d at 67.

Counsel has informed the Court that he provided appellant with a copy of the brief and informed her of her right to examine the appellate record and file a response to counsel's *Anders* brief. Counsel also provided appellant with a form motion to access the appellate record.[5] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim.

---

[5] This Court also notified appellant that counsel had filed an *Anders* brief and informed appellant that she had a right to examine the appellate record in the appeal and file a response to her counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) Appellant has not filed a response to her counsel's *Anders* brief.

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, Nos. 01-08-00749-CV, 01-08-00750-CV, 2010 WL 5186806, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *In re K.D.*, 127 S.W.3d at 67. If our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See Johnson*, 2010 WL 5186806, at *1–2. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re R.R.W.*, No. 01-21-00343-CV, 2021 WL 5933790, at *2 (Tex. App.—Houston [1st Dist.] Dec. 16, 2021, pet. denied) (mem. op.). The appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *See Johnson*, 2010 WL 5186806, at *2.

Here, we have independently reviewed the entire record in the appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

### Conclusion

We affirm the order of the trial court.  We deny appointed counsel's request in the prayer of the *Anders* brief to withdraw from representing appellant.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (stating motion to withdraw brought in court of appeals may be premature); *In re A.M.*, 495 S.W.3d at 582–83 (denying appointed-counsel's motion to withdraw).  Counsel's duty to his client extends through the exhaustion or waiver of "all appeals."  TEX. FAM. CODE ANN. § 107.016(2)(B).  Thus, if appellant wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *See In re P.M.*, 520 S.W.3d at 27–28.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.