**Opinion issued April 3, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00772-CV

————————————

## IN THE INTEREST OF A.H., A CHILD

———————————————————————————————————

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Case No. 22CP0026**

———————————————————————————————————

## MEMORANDUM OPINION

In this accelerated appeal,[1] appellant, mother, challenges the trial court's

order, entered after a bench trial, awarding the godparents of mother's minor child,

---

[1]     *See* TEX. FAM. CODE ANN. § 263.405(a); TEX. R. APP. P. 28.4.

A.H., managing conservatorship of A.H.[2] and awarding mother possessory conservatorship.[3] Mother timely filed a notice of appeal.

Mother's court-appointed counsel, Marcela Ortiz-Taing, filed a motion to withdraw, along with an *Anders* brief, asserting that mother's appeal is without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm the trial court's judgment but deny counsel's motion to withdraw.

## Discussion

The procedures set forth in *Anders* are applicable to an appeal from the trial court's order in a suit brought by the Department of Family and Protective Services for the protection of a child, for conservatorship, or for termination of parental rights when the appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re Interest G.C.L.*, No. 01-23-00591-CV, 2024 WL 234744, at *1 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet.) (mem. op.). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re*

---

[2]     *See* TEX. FAM. CODE ANN. § 153.005 (appointment of managing conservator); *see also id.* § 156.101 (grounds for modification of order establishing conservatorship or possession and access).

[3]     *See id.* § 153.006 (appointment of possessory conservator); *see also id.* § 156.101 (grounds for modification of order establishing conservatorship or possession and access).

2

*Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If counsel determines the case is wholly frivolous, the attorney is obligated to withdraw.  *Id.* at 406.  Counsel's obligation to the appellate court is to assure, through an appellate brief, that a complete review of the record supports the request to withdraw.  *Id.* at 407.

Counsel's brief meets the minimum requirements of *Anders*.  In her brief, mother's court-appointed counsel presents her professional evaluation of the record and explains why no arguable grounds exist for reversal.  *See Anders*, 386 U.S. at 744.

Counsel informed the Court that she provided mother with a copy of her brief and informed her of her right to file a response to counsel's *Anders* brief and examine the appellate record.  Counsel also provided mother with a form motion to obtain the appellate record and the mailing address for the Court.[4]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408.  Mother did not request a copy of the record or file a response to the *Anders* brief.

---

[4]  This Court also notified mother that court-appointed counsel had filed an *Anders* brief and informed mother that she had a right to examine the appellate record in the appeal and file a response to her counsel's *Anders* brief.  And this Court provided mother with a form motion to access the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

We have conducted our own review of the entire record and counsel's *Anders* brief. *See In re K.D.*, 127 S.W.3d at 67. We agree with counsel's assessment that the appeal is frivolous and without merit.

## Conclusion

We affirm the order of the trial court. We deny court-appointed counsel's motion to withdraw from representing mother. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (stating motion to withdraw brought in court of appeals may be premature); *In re G.C.L.*, 2024 WL 234744, at *2 (denying appointed-counsel's motion to withdraw because counsel's duty to his client extended through exhaustion or waiver of all appeals); *In re A.M.*, 495 S.W.3d 573, 582–83 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (denying appointed-counsel's motion to withdraw). Counsel's duty to her client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(2)(B). Thus, if mother wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an Anders brief." *See In re P.M.*, 520 S.W.3d at 27–28.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

4